USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-10-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— )  Master File No. 09-CV-0777 (LBS)
IN RE BEACON SECURITIES LITIGATION      )
                                        )
This Document Relates To:               )
                                        )
ERISA ACTIONS                           )
———————————————————— )

MOTION OF THE SECRETARY OF LABOR FOR LEAVE TO FILE A BRIEF AS
AMICUS CURIAE IN OPPOSITION TO DEFENDANTS' MOTION FOR
RECONSIDERATION, CLARIFICATION AND/OR CERTIFICATION FOR
INTERLOCUTORY APPEAL

     Hilda Solis, the United States Secretary of Labor ("the Secretary"), in her capacity

as the federal officer statutorily responsible for interpreting and enforcing the provisions

of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001

et seq., respectfully moves this Court pursuant to Rule 7(b) of the Federal Rules of Civil

Procedure for leave to file the accompanying Brief of the Secretary of Labor as Amicus

Curiae in the above-captioned case.  The brief opposes the defendants' motion for

reconsideration, clarification, and/or certification for interlocutory appeal, and addresses

issues pertaining to the scope of ERISA section 3(21)(A)(ii), 29 U.S.C. § 1102(21)(ii),

and the Secretary of Labor's accompanying regulation 29 C.F.R. § 2510.3-21(c)(1).  In

support of this motion, the Secretary, through undersigned counsel, states as follows:

     1. This case involves, in part, allegations by ERISA plan participants that

Defendant Ivy Asset Management LLC ("Ivy") caused or allowed the plans' assets to be

invested in Bernard Madoff's fraudulent pyramid schemes.  On October 5, 2010, the

Court issued an opinion finding that the plaintiffs adequately pleaded that Ivy was an

investment advisor for a fee as a result of recommending Madoff and his investments.

1



With respect to this finding, the Ivy Defendants filed a motion on October 19, 2010,

asking this Court to reconsider its order and/or certify for interlocutory review the issue

of whether Ivy's investment manager recommendations are "investment advice" giving

rise to fiduciary status under ERISA § 3(21)(A)(ii).  As set forth in her amicus brief, the

Secretary agrees with this Court's conclusion that investment manager recommendations

are investment advice under the statute and its regulation and oppose the defendants'

motion for reconsideration and/or certification for interlocutory review.

  2.  The Secretary has a significant interest in ensuring the proper application of

ERISA section 3(21)(A)(ii) and the Secretary's accompanying regulation 29 C.F.R. §

2510.3-21(c)(1), so that individuals and entities who influence the disposition of plan

assets are legally obligated to act in the best interest of the plans whose assets they

oversee.  See Secretary of Labor v. Fitzsimmons, 805 F.2d 682 (7th Cir. 1986) (en banc)

(Secretary's interests include promoting uniformity of law, protecting participants and

beneficiaries, enforcing fiduciary standards, and ensuring the financial stability of

employee benefit plans).  This Court's determination of the scope of ERISA section

3(21)(A)(ii) and its accompanying regulation also directly affects the enforcement

authority of the Secretary because the Secretary recently has filed her own suit against

many of the same individuals and entities who are defendants in this case, including Ivy,

whom we have sued as a fiduciary investment advisor.  Moreover, the Secretary believes

that her views may assist the court in resolving the issues in this case.

  3.  The Plaintiffs support the filing of the Secretary's brief and consent to the

present motion.



4.  The Defendants were contacted at midday on October 29, 2010, seeking their position with respect to the present motion.  The Secretary has not received a response as to whether or not the Defendants consent to her seeking leave to file.

Wherefore, the Secretary moves for leave to file the accompanying amicus curiae brief, to bring her position on the investment advisor issue to the Court's attention.  In addition, the Secretary requests an opportunity to be heard at any oral argument on this issue addressed in the parties' memoranda of law pertaining to the Defendants' motion to dismiss.

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor
Plan Benefits Security Division

ELIZABETH HOPKINS
Counsel for Appellate and
Special Appellate Litigation

/s/ Stephen Silverman
STEPHEN SILVERMAN
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
Plan Benefit Security Division
Room N-4611
200 Constitution Ave, N.W.
Washington, D.C. 20210
(202) 693-5623 – Phone
(202) 693-5610 – Fax
silverman.stephen@dol.gov

*So ordered.*

*11/10/10*

3

