UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: BEACON ASSOCIATES LITIGATION | 09 Civ. 777 (LBS) (AJP) |
| SOLIS,<br><br>              Plaintiff,<br><br>     v.<br><br>BEACON ASSOCIATES MANAGEMENT CORP. et al.,<br><br>              Defendants. | 10 Civ. 8000 (LBS) (AJP)<br><br>**MEMORANDUM & ORDER** |

SAND, J.

   Plaintiff the Secretary of Labor has petitioned the Court for review of Magistrate Judge Peck's June 28, 2011 Order requiring disclosure of documents from other Department of Labor ("DOL") investigations. When reviewing a non-dispositive pretrial ruling issued by a magistrate judge, a district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes." *Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 499 F. Supp. 2d 475, 477 (S.D.N.Y. 2007) (quotation marks and citation omitted).

   The Secretary appeals the Order on the grounds that (1) the disputed documents are not relevant to any party's claim or defense, and (2) that the document production would be unduly burdensome. Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The "information need not be admissible at the trial if the discovery appears reasonably calculated to

1

lead to the discovery of admissible evidence." *Id.* Although the relevance of documents concerning investigations unrelated to this case is debatable, the Court cannot say that Judge Peck's determination that they are relevant for discovery purposes is clearly erroneous. Conf. Tr. 28–30, June 28, 2011 ("Conf. Tr.").

As to the alleged burden, Judge Peck did not find that the involvement of "millions of documents in many cases throughout the country" would make production unduly burdensome in the context of such a large and complex case. Conf. Tr. 32–35. While the Court is sensitive to the stress this document production may put on the Department of Labor, the Secretary's subsequent submissions have not convinced the Court that Judge Peck's conclusion was clearly erroneous or contrary to law.

The Court has considered the extensive legal and factual materials provided by the parties, as well as Judge Peck's reasoning as set forth in the conference transcript, and hereby affirms the Order of June 28, 2011.

SO ORDERED.

Dated: August 10, 2011
New York, NY

_____
Leonard B. Sand
U.S.D.J.

2