[Proposed] Preliminary Approval Order – Submission Copy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEACON ASSOCIATES LITIGATION | No. 09 Civ. 0777 (LBS) |
| IN RE J.P. JEANNERET ASSOCIATES, INC. | No. 09 Civ. 3907 (CM) |
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BEACON ASSOCIATES MANAGEMENT CORP. et al.,<br><br>Defendants. | No. 10 Civ. 8000 (LBS) (AJP) |
| BOARD OF TRUSTEES OF THE BUFFALO LABORERS SECURITY FUND et al.,<br><br>Plaintiffs,<br><br>v.<br><br>J.P. JEANNERET ASSOCIATES, INC. et al.,<br><br>Defendants. | No. 09 Civ. 8362 (LBS) (AJP) |
| BEACON ASSOCIATES MANAGEMENT CORP.<br><br>Plaintiff,<br><br>v.<br><br>BEACON ASSOCIATES LLC I,<br><br>Defendant. | No. 09 Civ. 6910 (AJP) |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/30/12

{2283 / ORD / 00115481.DOCX v1}

| | |
|---|---|
| ERNEST A. HARTMAN et al.,<br><br>                               Plaintiffs,<br><br>           v.<br><br>IVY ASSET MANAGEMENT L.L.C. et al.,<br><br>                          Defendants. | No. 09 Civ. 8278 (LBS) (AJP) |
| STEPHEN C. SCHOTT, as TRUSTEE FOR THE STEPHEN C. SCHOTT 1984 TRUST,<br><br>                             Plaintiff,<br><br>           v.<br><br>IVY ASSET MANAGEMENT CORP. et al.,<br><br>                          Defendants. | No. 10 Civ. 8077 (LBS) |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DONNA M. McBRIDE, individually and derivatively on behalf of Beacon Associates LLC II,<br><br>                              Plaintiff,<br><br>                    v.<br><br>KPMG INTERNATIONAL et al.,,<br><br>                              Defendants,<br><br>          -and-<br><br>BEACON ASSOCIATES LLC II,<br><br>                              Nominal Defendant. | Index No. 650632/2009E |
| ALISON ALTMAN, et al.,<br>                              Plaintiffs,<br><br>                    v.<br><br>BEACON ASSOCIATES MANAGEMENT CORPORATION, et al.,<br><br>                              Defendants. | Index No. 652238/2010 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JOEL SACHER and SUSAN SACHER, derivatively on behalf of BEACON ASSOCIATES LLC II, <br><br> Plaintiffs, <br><br> v. <br><br> BEACON ASSOCIATES MANAGEMENT CORP. et al., <br><br> Defendants, <br><br> -and- <br><br> BEACON ASSOCIATES LLC II, <br><br> Nominal Defendant. | Index No. 005424/2009 |
| CHARLES J. HECHT, derivatively on behalf of ANDOVER ASSOCIATES LLC I, <br><br> Plaintiff, <br><br> v. <br><br> ANDOVER ASSOCIATES MANAGEMENT CORP. et al., <br><br> Defendants, <br><br> -and- <br><br> ANDOVER ASSOCIATES LLC I, <br> Nominal Defendant. | Index No. 006110/2009 |

| THE JORDAN GROUP LLC, derivatively on behalf of BEACON ASSOCIATES LLC I, | Index No. 003757/2011 |
|---|---|
| Plaintiff, | |
| v. | |
| BEACON ASSOCIATES MANAGEMENT CORP. et al., | |
| Defendants, | |
| -and- | |
| BEACON ASSOCIATES LLC I, | |
| Nominal Defendant. | |

CIRCUIT COURT OF THE STATE OF FLORIDA
FIFTEENTH JUDICIAL CIRCUIT, PALM BEACH COUNTY

| | |
|---|---|
| HARVEY GLICKER, et al,<br><br>              Plaintiffs,<br><br>              vs.<br><br>IVY ASSET MANAGEMENT CORP., et al,<br><br>              Defendants. | Court File No.<br>502010CA029643 XXXX MB<br>AB |

BEFORE THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| JOEL T. GLUCK,<br><br>              Claimant,<br><br>          v.<br><br>BEACON ASSOCIATES LLC II et al.,<br><br>             Respondents. | AAA No.  19 435 00120 10 |

### [~~PROPOSED~~] PRELIMINARY APPROVAL ORDER PROVIDING FOR NOTICE AND HEARING IN CONNECTION WITH PROPOSED SETTLEMENT

WHEREAS:

The United States Department of Labor, the Office of the New York Attorney General, the Andover Funds, the Beacon Funds and the Income Plus Funds, the Plumbers & Steamfitters Local 267 Pension and Insurance Funds and Trustees (including Gregory Lancette, Bradley Ward, Bryan Allen, David Waby, Dominic Mancini, Donald A. Little, Donald Beckley, James Fredenburg, James Rood, James Rounds, Patrick Bonnell and Peter Lauze); Plumbers Local 112 Health Fund and Trustees (including James Rounds and Lyle Fassett); The Local 73 Retirement Fund and Trustees (Frederick J. Volkomer, Frederick J. Volkomer II, Patrick Carroll, Timothy Donovan and Timothy Rice); The U.A. of Journeymen & Apprentices Local 73 Fund and Trustees (including Daniel Hickey, Eric Saunders, James Donovan, Jason Lozier, L. James Culeton, Marc Stevens, Mark Maniccia, Timothy Donovan, Timothy Rice and Tom Metcalf, Jr.); Local 73 Annuity Fund; Local 73 Health & Welfare Fund; I.B.E.W. Local 43 and Electrical Contractors Welfare Fund and Trustees (including Carl Hibbard, Jr., Dennis J. McDermott, Donald H. Morgan, James Engler, John S. Kogut, Kevin J. Crawford, Marilyn M. Oppedisano and Patrick Costello); Oswego County Laborers' Local 214 Pension Fund and Trustees (including David Henderson, Jr., Earl N. Hall, Michael Blasczienski, Paul A. Castaldo and William F. Shannon); Jay Raubvogel; M. Raubvogel Co. Trust; Grand Metro Builders of NY Corp. Defined Benefit Plan and Trustees (including John Cacoulidis and Phyllis Cacoulidis); Board of Trustees of The Buffalo Laborers Security Fund, Welfare Fund and Welfare Staff Fund; Gary Kubik as participant and beneficiary in the Buffalo Laborers Security and Welfare Fund; Ernest A. Hartman and Bruce Condie as Trustees of the IBEW Local 139 Pension Fund, Thomas E. Spicer and Matthew Labosky as Trustees of the IBEW Local 325 Pension, Annuity, and Joint Trust Funds; Michael Talarski and Bruce Condie as Trustees of the IBEW Local 241 Pension Fund; Elizabeth F. Cassada and James A. Williams as Trustees of the IBEW Local 910

Annuity and Pension Funds; Thomas R. LoStracco as Trustee of the 1199 SEIU Regional

Pension Fund; George Kennedy as Trustee of the Service Employees Pension Fund of Upstate

New York; Rodney Malarchik and Irving Wood as Trustees of the Upstate New York Bakery

Drivers and Industry Pension Fund; James Rounds and Lyle D. Fassett as Trustees of the

Plumbers and Pipefitters Local 112 Pension Fund; Rockne Burns as Trustee of the Engineers

Joint Welfare Fund; Robert Brown as Trustee of the Rochester Laborers' Annuity and Pension

Funds; Michael Capelli and Alan Seidman as Trustees of the Empire State Carpenters Annuity,

Pension, and Welfare Funds; David Fastenberg Trustee, Long Island Vitreo-Retinal; Jordan

Group, LLC, derivatively on behalf of Beacon Associates LLC I; Charles J. Hecht, derivatively

on behalf of Andover Associates LLC I; Donna M. McBride, individually and derivatively on

behalf of Beacon Associates LLC II; Joel Sacher and Susan Sacher, derivatively on behalf of

Beacon Associates LLC II; the Stephen C. Schott 1984 Trust; Alison Altman, Amanda Atlas,

Howard Gelfer, Harvey Glicker, Joel T. Gluck (IRA), Levy Investment Partners, LP, Jackie

Levy, Peter Levy, Ben Macklowe, Hillary Macklowe, Ben Macklowe as Trustee of the

Macklowe Gallery Ltd. Profit Sharing Plan, Lloyd Macklowe, Barbara Macklowe, Barbara

Macklowe (IRA), Laurence Matlick, Carl Mittler (IRA), Marvin Poster (IRA), Mustang

Sportswear, Inc., Ken Siegel, Ken Siegel (IRA), Ken Siegel Defined Benefit Plan, and Gail

Zarean (collectively the "Settling Plaintiffs"); Beacon Associates Management Corp.

("BAMC"), Andover Associates Management Corp. ("AAMC"), Joel Danziger and Harris

Markhoff(the "Beacon Defendants"); J.P. Jeanneret Associates, Inc. ("JPJA"), John Jeanneret

and Paul Perry (the "Jeanneret Defendants"); and Ivy Asset Management LLC ("Ivy"), Lawrence

Simon, Howard Wohl, Fred Sloan and Adam Geiger (the "Ivy Defendants") (collectively the

"Settling Defendants"), have entered into a settlement of the claims asserted in the above-

captioned Settling Actions, the terms of which (the "Settlement") are set forth in a Stipulation of Settlement, dated as of November 8, 2012 (the "Stipulation");

The Class Action Named Plaintiffs have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement in accordance with the Stipulation and providing notice to the Classes and members of the Settling Funds; and

The Court having read and considered the Stipulation, the proposed forms of notice to the Settlement Classes and the proposed form of the Proof of Claim and Release, the proposed form Post-Fairness Hearing Approval Order and proposed form of Final Order and Judgment, and other exhibits annexed thereto and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this **30th day of November, 2012** that:

1.       The Court preliminarily finds the proposed Settlement set forth in the Stipulation to be fair, reasonable and adequate, subject to further consideration at the Fairness Hearing described below.

2.       Unless otherwise defined herein, all capitalized terms used herein have the meanings set forth and defined in the Stipulation.

3.       With respect to *In re Beacon Associates Litigation*, No. 09-cv-00777-LBS ("*In re Beacon*"), Plaintiffs' motion to certify the Beacon Investor Class, the Beacon Jeanneret Investor Subclass, the Beacon ERISA Class and the Beacon Jeanneret ERISA Subclass was granted on March 14, 2012 (as amended). *In re Beacon*, Dkt. No 432 (the "March 14 Order"). With respect to *Board of Trustees of the Buffalo Laborers Security Fund et al., v. J.P. Jeanneret Assoc. Inc.*, No. 09-cv-08362 ("*Buffalo Laborers*"), Plaintiffs' motion to certify the Buffalo Laborers' Class was granted on May 3, 2012. *Buffalo Laborers*, Dkt. No. 102 (the "May 3 Order"). By Order of

{2283 / ORD / 00115481.DOCX v1}                3

the Court dated March 19, 2012, the Plaintiffs in *Hartman v. Ivy Asset Management*, No. 09-

8278 (hereinafter, "Hartman Plaintiffs"), were excluded from the *Buffalo Laborers* class.

4.     Pursuant to Rule 23(a), (b)(3) and (c)(1)(C) of the Federal Rules of Civil

Procedure, and solely for the purposes of the Stipulation and Settlement, the Court hereby alters

and amends the March 14 Order in *In re Beacon* and the definitions of the Beacon Investor Class

and the Beacon Jeanneret Investor Subclass certified therein to be amended as follows:

- **Beacon Investor Class:** "All investors in the Beacon Funds that had not fully
  redeemed their interests in the Beacon Funds as of December 11, 2008."

- **Beacon Jeanneret Investor Subclass:** "All persons and entities who obtained the
  investment management services of J.P. Jeanneret Associates, Inc., John P. Jeanneret,
  or Paul L. Perry, and who invested in the Beacon Funds that had not fully redeemed
  their interests in the Beacon Funds as of December 11, 2008."

5.     Pursuant to Rule 23(a), (b)(3) and (c)(1)(C) of the Federal Rules of Civil

Procedure, and solely for the purposes of the Stipulation and Settlement, the Court hereby alters

and amends the May 3 Order and the definition of the Buffalo Laborers Class in *Buffalo*

*Laborers* and certified therein to be amended as follows:

- **Buffalo Laborers Class:** "All trustees and named fiduciaries of any employee
  benefit plan covered by ERISA (acting in their fiduciary capacity on behalf of the
  plan and for the benefit of all participants and beneficiaries of the plans for which
  they serve as trustees) that obtained the investment management services of J.P.
  Jeanneret Associates, Inc. and that invested with Bernard L. Madoff, either directly
  with Bernard L. Madoff Investment Securities LLC ("BLMIS") or indirectly through
  the Income Plus Fund or the Andover Funds, and that had not fully redeemed its
  interests in BLMIS, the Income Plus Fund or the Andover Funds as of December 11,
  2008."

6.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and

solely for the purposes of the Stipulation and Settlement, the Court hereby certifies the following

Settlement Class in *In re Beacon*:

- **Beacon Fiduciary Class:** "All trustees and named fiduciaries of any employee
  benefit plan covered by ERISA (acting in their fiduciary capacity on behalf of the
  plan and for the benefit of all participants and beneficiaries of the plans for which

they serve as trustees) that invested in the Beacon Funds and that had not fully redeemed its interests in the Beacon Funds as of December 11, 2008."

and the following Settlement Classes in *In re J.P. Jeanneret Associates, Inc.*, No. 09-cv-03907

("*In re Jeanneret*"):

- **Income Plus Investor Class:** "All investors in the Income Plus Fund that had not fully redeemed their interests in the Income Plus Fund as of December 11, 2008."
- **Direct Investor Class:** "All investors who invested directly with Madoff pursuant to a Discretionary Investment Management Agreement with JPJA that had not fully redeemed their investments with BLMIS as of December 11, 2008."

For the purposes of this Settlement, the Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied as to each of the Beacon Investor Class, the Beacon Jeanneret Investor Subclass, the Buffalo Laborers Class, the Beacon Fiduciary Class, the Income Plus Investor Class and the Direct Investor Class (collectively, the "Rule 23(b)(3) Classes") in that: (a) the members of each of the Rule 23(b)(3) Classes are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to each of the Rule 23(b)(3) Classes; (c) Plaintiffs' claims are typical of the claims of the Rule 23 (b)(3) Classes that they seek to represent; (d) Plaintiffs have fairly and adequately represented and will continue to fairly and adequately represent the interests of the Rule 23(b)(3) Classes; (e) the questions of law or fact common to the members of the Rule 23(b)(3) Classes predominate over any questions affecting only individual members of the Rule 23(b)(3) Classes; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      Pursuant to Rule 23(a), (b)(1) and (c)(1)(C) of the Federal Rules of Civil Procedure, and solely for the purposes of the Stipulation and Settlement, the Court hereby alters and amends the March 14 Order and the definitions of the Beacon ERISA Class and the Beacon Jeanneret ERISA Subclass in *In re Beacon* and certifies them as follows:

- **Beacon Participant and Beneficiary Class:**[1] "All participants and beneficiaries of any employee benefit plan covered by ERISA that invested in the Beacon Funds and that had not fully redeemed its interests in the Beacon Funds as of December 11, 2008."

- **Beacon Jeanneret ERISA Subclass:** "All participants and beneficiaries of any employee benefit plan covered by ERISA who obtained the investment management services of JPJA, John P. Jeanneret, or Paul L. Perry, and who invested in Beacon I or Beacon II that had not fully redeemed its interests in the Beacon Funds as of December 11, 2008."

8. Pursuant to Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure, and

solely for the purposes of the Stipulation and Settlement, the Court hereby certifies the following

Settlement Classes in *Buffalo Laborers*:

- **Income Plus Participant and Beneficiary Class:** "All participants and beneficiaries of any employee benefit plan covered by ERISA that invested in the Income Plus Fund and that had not fully redeemed its interests in the Income Plus Fund as of December 11, 2008."

- **Andover Participant and Beneficiary Class:** "All participants and beneficiaries of any employee benefit plan covered by ERISA that invested in the Andover Funds and that had not fully redeemed its interests in the Andover Funds as of December 11, 2008."

- **Direct Investor Participant and Beneficiary Class:** "All participants and beneficiaries of any employee benefit plan covered by ERISA that invested directly with Madoff pursuant to a Discretionary Investment Management Agreement with JPJA and that had not fully redeemed its investments with BLMIS as of December 11, 2008."

For the purposes of this Settlement, the Court finds that the prerequisites for a class action under

Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure have been satisfied as to each of

the Beacon Participant and Beneficiary Class, the Beacon Jeanneret ERISA Subclass, the Income

Plus Participant and Beneficiary Class, the Andover Participant and Beneficiary Class and the

Direct Investor Participant and Beneficiary Class (collectively, the "Rule 23(b)(1) Classes") in

that: (a) the members of each of the Rule 23(b)(1) Classes are so numerous that joinder of all

---

[1] Formerly known as the Beacon ERISA Class.

members thereof is impracticable; (b) there are questions of law and fact common to each of the Rule 23(b)(1) Classes; (c) Plaintiffs' claims are typical of the claims of the Rule 23(b)(1) Classes that they seek to represent; (d) Plaintiffs have fairly and adequately represented and will continue to fairly and adequately represent the interests of the Rule 23(b)(1) Classes; and (e) prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

9.      Excluded from all Settlement Classes are: (a) the Settling Defendants; (b) the spouses of individual Settling Defendants; (c) executive officers of the corporate Settling Defendants (except that for BAMC and AAMC, the executive officer exclusion does not apply to Robert Danziger and Michael Markhoff, or any trusts or financial vehicles established for their benefit); (d) corporate entities that control or are controlled by the corporate Settling Defendants (except where such entity is acting merely and solely as an agent, manager and/or custodian); and (e) the legal representatives, heirs, successors and assigns of any excluded person solely in their capacity as legal representatives, heirs, successors and assigns, as applicable, of an excluded person and not in their individual capacity (collectively, the "Excluded Persons"). Excluded from the Buffalo Laborers Class are the Hartman Plaintiffs.

10.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court reaffirms the Class Representatives and Class Counsel already certified, and to the extent not yet certified for the purposes of this Settlement only, the Court certifies the following Class Representatives and Class Counsel, respectively:

| CLASS | CLASS REPRESENTATIVES | CLASS COUNSEL |
|---|---|---|
| Beacon Investor Class and Beacon Jeanneret Investor Subclass | Plumbers & Steamfitters Local 267 Pension Fund; Plumbers & Steamfitters Local 267 Insurance Fund; Plumbers Local 112 Health Fund; Local 73 Retirement Fund | Lowey Dannenberg Cohen & Hart, P.C. |
| | John and Phyllis Cacoulidis, as Trustees of Grand Metro Builders of N.Y. Corp. Defined Benefit Plan | Wolf Haldenstein Adler Freeman & Herz LLP |
| | Jay Raubvogel | Bernstein Liebhard LLP |
| Income Plus Investor Class | Local 73 Retirement Fund; Local 73 Annuity Fund | Lowey Dannenberg Cohen & Hart, P.C. |
| Direct Investor Class | Plumbers & Steamfitters Local 267 Pension Fund; Plumbers & Steamfitters Local 267 Insurance Fund; Local 73 Health & Welfare Fund | Lowey Dannenberg Cohen & Hart, P.C. |
| Beacon Fiduciary Class and Beacon Jeanneret ERISA Subclass | Gregory Lancette as Trustee of Plumbers & Steamfitters Local 267 Pension and Insurance Funds; James Rounds as Trustee of Plumbers Local 112 Health Fund; Patrick Carroll as Trustee of Local 73 Retirement Fund | Lowey Dannenberg Cohen & Hart, P.C. |
| | William Shannon as Trustee of Laborers Local 214 Pension Fund, now known as, Central New York Laborers Pension Fund; Donald Morgan as Trustee of IBEW Local 43 & Health and Welfare Fund | Cohen Milstein Sellers & Toll PLLC |
| Buffalo Laborers Class | Board of Trustees of the Buffalo Laborers Security Fund, Welfare Fund, and the Welfare Staff Fund | Kessler Topaz Meltzer & Check LLP |
| Beacon Participant and Beneficiary Class | Gregory Lancette as Trustee and Participant of Plumbers & Steamfitters Local 267 Pension and Insurance Funds; James Rounds as Trustee and Participant of Plumbers | Lowey Dannenberg Cohen & Hart, P.C.; |

| | Local 112 Health Fund; Patrick Carroll as Trustee and Participant of Local 73 Retirement Fund | |
|---|---|---|
| | William Shannon as Trustee and Participant of Laborers Local 214 Pension Fund, now known as, Central New York Laborers Pension Fund; Donald Morgan as Trustee and Participant of IBEW Local 43 & Health and Welfare Fund | Cohen Milstein Sellers & Toll PLLC |
| Income Plus Participant and Beneficiary Class | Gary Kubik as Participant and Beneficiary of the Buffalo Laborers Security Fund | Kessler Topaz Meltzer & Check LLP |
| Andover Participant and Beneficiary Class | Gary Kubik as Participant and Beneficiary of the Buffalo Laborers Welfare Fund | Kessler Topaz Meltzer & Check LLP |
| Direct Investor Participant and Beneficiary Class | Gary Kubik as Participant and Beneficiary of the Buffalo Laborers Welfare Fund | Kessler Topaz Meltzer & Check LLP |

11.     Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Court preliminarily finds that the provisions of Rule 23.1 have been satisfied and the derivative claims asserted in the *In re Jeanneret* Action have been properly maintained according to the provisions of the Rule.

12.     Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Court preliminarily finds that Derivative Plaintiffs Local 73 Retirement and Local 73 Annuity have standing to prosecute and settle the derivative claims asserted in the *In re Jeanneret Action.*

13.     A fairness hearing pursuant to Rule 23(e) and Rule 23.1(c) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Honorable **Colleen McMahon**, United

States District Judge, at the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312 on **March 15, 2013, at 10 a.m.**/p.m. (the "Fairness Hearing") for the following purposes:

      (a)     to determine whether the proposed Settlement of the Class and Derivative actions on the terms and conditions provided in the Stipulation is fair, reasonable and adequate, and should be approved by the Court;

      (b)     to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Complaints in the Federal Actions with prejudice;

      (c)     to determine whether, for settlement purposes only, the Settlement Classes should be certified, the Class Action Named Plaintiffs should be appointed as class representatives for their respective Settlement Classes, and Co-Lead Settlement Class Counsel should be appointed as class counsel for their respective Settlement Classes;

      (d)     to determine whether the proposed plan for distributing the proceeds of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

      (e)     to consider the Attorneys' Fees and Expenses Application(s); and

      (f)     to rule upon such other matters as the Court may deem appropriate.

     14.     The New York State courts in which certain of the actions subject to the Settlement are pending have been apprised of the Fairness Hearing and been afforded the opportunity to participate therein to the extent such courts may deem necessary to conclude the Settlement with respect to the actions pending in such courts.

     15.     Upon Preliminary Approval, the Settling Defendants will timely transfer their respective shares of the Settlement Amount to the Escrow Agent in accordance with ¶ 2.2 of the Stipulation.

16.     Entry of the Judgment will be contingent on final approval by the Court of the Settlement, as well as the occurrence of all the events set forth in ¶ 7.1 of the Stipulation.

17.     The Court reserves the right to approve the Settlement or to state that approval requires modification with or without further notice of any kind. The Court may also adjourn the Fairness Hearing or modify any of the dates herein without further notice to Members of the Settlement Classes.

18.     The Court approves the form, substance and requirements of the:

(a)     Notice of Preliminary Approval of Settlement of Class and Derivative Actions and Notice of Certification of Settlement Classes (the "Rule 23(b)(3) Notice"), in substantially the form annexed hereto as Exhibit A-1; and

(b)     Notice of Preliminary Approval of Settlement of Class Actions and Notice of Certification of Settlement Classes (the "Rule 23(b)(1) Notice"), in substantially the form annexed hereto as Exhibit A-2.

19.     The Court approves the appointment of Garden City Group as the Claims Administrator to supervise and administer the notice procedure as well as the disbursement of the Net Settlement Fund.

20.     To the extent that the New York State courts in which certain of the actions subject to the Settlement are pending have made any modifications to the Notices, such modifications were presented to Magistrate Judge Peck for review. No later than 20 days after entry of this Order by the Court (the "Notice Date"), the Claims Administrator shall cause: (i) the Rule 23(b)(3) Notice, as such notice may have been modified by the State Derivative Action Courts, to be mailed by USPS Priority Mail, postage prepaid to the members of the Rule 23(b)(3) Classes and Subclass, as identified in ¶¶ 4-6, *supra*; (ii) the Rule 23(b)(1) Notice to be mailed by first class mail, postage prepaid to participants and beneficiaries comprising the Rule 23(b)(1)

Classes and Subclass, as identified in ¶¶ 7-8, *supra*; and (iii) the Rule 23(b)(3) Notice, as such

notice may have been modified by the State Derivative Action Courts, to be mailed by certified

first class mail, postage prepaid, to investors in the Beacon Funds, the Income Plus Fund and

Andover Associates LLC I that had not fully redeemed their interests as of December 11, 2008,

in their capacities as the ultimate beneficiaries of the shareholder derivative claims asserted in

this court and the State Derivative Action Courts.  To the extent that such persons and members

of the Settlement Classes are coextensive, only one such notice per addressee shall be required.

21.     The Claims Administrator and Co-Lead Settlement Class Counsel shall post the

Rule 23(b)(3) Notice to investors in the Funds, the Rule 23(b)(1) Notice, and the Plan of

Allocation on their respective websites.  Co-Lead Settlement Class Counsel shall, at or before the

Fairness Hearing, file with the Court proof of mailing and posting of these documents.

22.     On or about **January 14, 2013**, Private Plaintiffs' Counsel shall host a conference

call during which class members or their counsel may ask questions of Private Plaintiffs'

Counsel and their financial experts about any aspect of the Settlement.

23.     The form and content of the notice program described herein, and the method set

forth herein of notifying the Settlement Classes and members of the Settling Funds of the

Settlement and its terms and conditions, (a) meet the requirements of Rule 23 and Rule 23.1 of

the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934,

15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the

Rules of this Court, due process, and any other applicable law, (b) constitute the best notice

practicable under the circumstances, (c) are reasonably calculated, under the circumstances, to

describe the terms and effect of the Stipulation and to apprise Settlement Class Members of their

right to object to the proposed Settlement or, where applicable, to exclude themselves from the

Settlement Classes, and (d) constitute due and sufficient notice to all Persons entitled to receive
such notice.

24.     Any Rule 23(b)(3) Settlement Class Member who wishes to participate in the
distributions of the Net Settlement Fund must sign and return a completed Proof of Claim and
Release form in accordance with the instructions contained therein and in the Notice. All Proofs
of Claim and Releases must be submitted by first-class mail, postmarked on or before **January
30, 2013**, or such other date as may be set by the Court. If a Settlement Class Member chooses
to return his, her, or its Proof of Claim and Release in a manner other than by first-class mail
(including electronic submission), then the Proof of Claim and Release must actually be received
by the Notice and Claims Administrator by **January 30, 2013**, or such other date as may be set
by the Court. Unless otherwise ordered by the Court, any Settlement Class Member who does
not sign and return a valid Proof of Claim and Release within the time prescribed shall forever be
barred from sharing in the distribution of the Net Settlement Fund, but shall nonetheless be
bound by the Judgment and releases therein.

25.     Settlement Class Members shall be subject to and bound by the Settlement and
the provisions of the Stipulation, the releases contained therein, the Judgment with respect to all
Released Claims, and all orders, determinations and judgments in the Settling Actions, whether
favorable or unfavorable, even if such Persons have pending, or subsequently initiate, litigation,
arbitration, or any other action against any or all of the Defendant Released Parties relating to the
Released Claims, and regardless of whether or not such Persons seek or obtain by any means,
including without limitation by submitting a Proof of Claim and Release or any similar
document, any distribution from the Net Settlement Fund, unless such Persons request exclusion
from the Settlement Classes, in a timely and proper manner, as hereinafter provided (and do not
otherwise re-opt-in pursuant to the terms and conditions of ¶ 3.9 of the Stipulation), or are

otherwise excluded by the Court more than twenty-one (21) days prior to the date of the Fairness

Hearing. Any Settlement Class Member wishing to make such an exclusion request shall mail

the request in written form by first-class mail, postmarked no later than **January 30, 2013**, to the

address designated in the Notice for such exclusions. The request for exclusion shall clearly

indicate the name, address and telephone number of the Person seeking exclusion, that the sender

requests to be excluded from the Settlement Classes, and must be signed by the Person. Persons

requesting exclusion are also directed to state:  the full name of the Settling Fund(s) purchased

and/or identify information concerning any direct Madoff investment; the number of shares or

interests purchased and sold/redeemed and/or the amount of contributions and withdrawals as

applicable; the date(s) on which purchases and redemptions and/or contributions and

withdrawals, if any, were made; and the number of shares or the dollar value of the interests held

as of **December 10, 2008,** and/or the value of the direct Madoff investment as of **December 10,**

**2008**. The request for exclusion shall not be effective unless it provides the required information

and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

Any Settlement Class Member who is excluded from any of the Settlement Classes shall not be

entitled to participate in any distributions from the Net Settlement Fund as described in the

Stipulation and Plan of Allocation. Within two (2) business days of receipt by the Claims

Administrator of any request for exclusion, copies of all such forms shall be provided to

Plaintiffs' Counsel and counsel for the Settling Defendants.

  26. Any Member of the Settlement Classes who wishes to object to the fairness,

reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the Attorneys' Fees and

Expenses Application(s) in the Class or Derivative actions, may file a written objection by

**January 30, 2013**. An objector must file with the Court a written statement of his, her, or its

objection(s), including the following information:  (i) a heading referring to the Settling Actions;

(ii) objector's name, address, telephone number, email address, and the contact information for

any attorney retained by objector in connection with the objection; (iii) documentation showing

the dates, purchases, contributions, sales and redemptions of interests and/or shares in the

Settling Funds or direct investments with Madoff; (iv) a detailed statement identifying which

relief the objection is directed to (i.e., the Settlement, the Plan of Allocation or the Attorneys'

Fees and Expenses Application(s)), and the factual and legal basis for each objection, and the

relief requested; (v) a statement of whether the objector intends to appear, either in person or

through counsel, at the Fairness Hearing.  Any objector need not go to the Fairness hearing to

have a written objection considered by the Court.  However, if an objector files and serves a

timely, written objection in accordance with the instructions above, that objector may appear at

the Fairness Hearing.  The objector must mail the objection(s) and any supporting

papers/documentation to:

| COURT | COUNSEL FOR SETTLEMENT CLASS MEMBERS AND DEFENDANTS | |
|---|---|---|
| **Clerk of the Court** | **PLAINTIFFS' CLASS AND DERIVATIVE COUNSEL** | **DEFENDANTS' COUNSEL** |
| Clerk of the Court United States District Court Southern District of New York 500 Pearl Street New York, NY 10007-1312 | **LOWEY DANNENBERG COHEN & HART, P.C.** Barbara J. Hart Thomas M. Skelton One North Broadway White Plains, NY 10601-2310 Telephone: 914-997-0500 Facsimile: 914-997-0035 bhart@lowey.com tskelton@lowey.com<br><br>**www.lowey.com**<br><br>*Lead Class Counsel for the Beacon Classes and Lead Securities Counsel for the Direct and Income Plus Classes* | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** Lewis J. Liman Jeffrey A. Rosenthal One Liberty Plaza New York, New York 10006 Telephone: (212) 225-2000 Facsimile: (212) 225-3999 lliman@cgsh.com jrosenthal@cgsh.com<br><br>*Attorneys for the Ivy Defendants*<br><br>**ROSENFELD & KAPLAN, L.L.P.** Tab K. Rosenfeld 535 Fifth Avenue, Suite 1006 |

**KESSLER TOPAZ MELTZER & CHECK LLP**
Peter H. LeVan, Jr.
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 610-667-7056
jmeltzer@ktmc.com
plevan@ktmc.com

**www.ktmc.com**

*ERISA Class Counsel for the Buffalo Laborers' Class, Income Plus Participant and Beneficiary Class, Andover Participant and Beneficiary Class, and Direct Participant and Beneficiary Class.*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Charles J. Hecht
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653
hecht@whafh.com
tepper@whafh.com

*Plaintiffs' Counsel for Beacon Associates LLC I, Beacon Associates LLC II and Andover Associates LLC I Shareholder Derivative Suits Pending in Nassau County, New York*

**COTCHETT, PITRE & McCARTHY, LLP**
Imtiaz Siddiqui
One Liberty Plaza, 23rd Floor
New York, NY 10006
Telephone: (212) 682-3198
Facsimile: (646) 219-6678
isiddiqui@cpmlegal.com

New York, New York 10017
Telephone: (212) 682-1400
tab@rosenfeldlaw.com

*Attorneys for Beacon Defendants*

**HISCOCK & BARCLAY, LLP**
Brian E. Whiteley
One International Place- 26th Floor
Boston, Massachusetts 02110
Telephone: (617) 274-2900
Facsimile: (617) 722-6003
bwhiteley@hblaw.com

*Attorneys for Jeanneret Defendants*

| | *Plaintiffs' Counsel for Beacon Associates LLC II Shareholder Derivative Suit Pending in New York County, New York* | |
|---|---|---|

27.    Any Person who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, the Judgment, the release of the Released Claims against the Defendant Released Parties, the Plan of Allocation, and/or the Attorneys' Fees and Expenses Application(s), unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

28.    Any objector who files and serves a timely, written objection in accordance with the instructions above, may appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must serve a notice of intention to appear, setting forth, among other things, the name, mailing address, telephone number, and e-mail address of the objector. If applicable, the notice of intention to appear should include the name, mailing address, telephone number, and e-mail address of the objector's attorney, and the state bar(s) to which the counsel is admitted. Any arguments in support of an objection must contain any and all legal authority upon which the objector will rely.  Any objector, or counsel retained by an objector in connection with an objection shall identify all objections he, she or it has filed to class action settlements from January 1, 2008 to present, and identify the results of each objection, including any Court opinions ruling on the objections.  The objector and if applicable, the objector's counsel, shall also identify if he, she or it has ever been sanctioned by a Court in connection with filing an

objection.  An objector must file and serve their written objections on counsel for the Settlement

Class Members and counsel for the Settling Defendants at the addresses set out above.

Moreover, objectors who intend to present evidence at the Fairness Hearing must include in their

written objections the identity of any witnesses they may call to testify together with a brief

summary of each witnesses' expected testimony and exhibits they intend to introduce into

evidence at the Fairness Hearing.  Any objector must make himself, herself or its representative

available for deposition upon ten days written notice.  The deposition must be taken within 40

miles of the objector's residence, unless a different location is agreed to.  Finally, the objector

must serve counsel identified above and file the notice of intention to appear with the Court no

later than thirty (30) days before the Fairness Hearing.  Any objector who does not timely file

and serve a notice of intention to appear in accordance with this paragraph shall not be permitted

to speak at the Fairness Hearing, except for good cause shown.

   29. Settlement Class Members do not need to appear at the Fairness Hearing or take

any other action to indicate their approval of the Settlement, the Plan of Allocation, or the

Attorneys' Fees and Expenses Application(s).

   30. All papers in support of the Settlement, the Plan of Allocation and the Attorneys'

Fees and Expenses Application(s) in the Class and Derivative actions, shall be served and filed

with the Court on or before twenty one (21) calendar days after entry of the Preliminary

Approval Order.  All objections or papers in opposition to the Settlement, the Plan of Allocation

and/or the Attorneys' Fees and Expenses Application(s) shall be served and filed with the Court

on or before forty (40) calendar days after the papers in support are filed.  Reply papers in further

support of the Settlement, the Plan of Allocation and the Attorneys' Fees and Expenses

Application(s) and/or in response to objections shall be served and filed no later than twenty (20)

calendar days after objections or papers in opposition are served. Service of all papers shall be made by overnight mail, hand delivery, or email.

31.     No Person who is not a Settling Plaintiff, Settlement Class Member, employee benefit plan of which Settlement Class Members are fiduciaries, participants or beneficiaries, or Plaintiffs' Counsel (or an outside vendor retained to provide services in connection with the Settlement) or the U.S. Department of Labor or the NYAG shall have any right to any portion of, or to any distribution of, the recovery provided by the Settlement, unless otherwise ordered by the Court.

32.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

33.     In the event this Stipulation is terminated or canceled or fails to become effective for any reason, and/or the Effective Date does not occur, then within fourteen (14) business days after Counsel for any Settling Plaintiff gives written notice to Counsel for the Settling Defendants, or Counsel for any Settling Defendant gives written notice to Counsel for Settling Plaintiffs, (i) the balance of the Expense Fund and the Gross Settlement Fund, less any funds paid therefrom pursuant to ¶ 2.3 of the Stipulation, (ii) any cash deposited by the Settling Defendants, or any of them, into the Escrow Accounts pursuant to ¶ 2.1 of the Stipulation, and (iii) any funds received by Plaintiffs' Counsel pursuant to Sections 5 and 6 of the Stipulation, in all cases including accrued interest, shall be refunded to the respective depositing Person, in proportion to their original contributions.

34.     No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until all actions, events and occurrences required by ¶ 7 of the Stipulation have occurred. The distribution of all or a portion of the Net Settlement Fund is not contingent upon

this Court's approval of the Attorney's Fees and Expenses Application, and such event is intentionally excluded from ¶ 7 for this purpose. Should this Court enter final Judgment in accordance with the terms of ¶ 7 of the Stipulation, but, in accordance with Federal Rule of Civil Procedure 54(b), exclude from the Judgment a ruling on the Attorneys' Fees and Expenses Application, the Claims Administrator, in consultation with the Settling Parties, shall (i) compute the maximum amount of the Gross Settlement Fund that would be needed to satisfy the Attorneys' Fees and Expenses Application following a final non-appealable ruling on the Attorneys' Fees and Expenses Application; (ii) estimate the amount necessary to cover any future expenses which may be incurred in administering and distributing the settlement or payment of taxes, tax expenses or other expenses (the sum of the calculations arrived at under (i) and (ii) shall comprise the "Fee and Expense Holdback"); (iii) on the Effective Date, compute the net settlement amount using the Fee and Expense Holdback instead of the Attorney's Fee and Expenses Fund; and (iv) distribute in accordance with the Plan of Allocation the balance of the Gross Settlement Amount and the net settlement amount determined by the above method (the "Interim Net Settlement Amount"), and ¶¶ 5.2 and 5.3 of the Stipulation.

35.     The Plan of Allocation is not a part of the Settlement or Stipulation, and will be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Other than as set forth in ¶ 5.11 of the Stipulation, the Plan of Allocation is not a material or necessary term or condition of the Stipulation, and it is not a condition of the Stipulation that any particular Plan of Allocation be approved. The Settling Defendants did not participate in, agree to, or approve the Plan of Allocation, and take no position as to its fairness, equity, or propriety. Other than as set forth in ¶ 5.11 of the Stipulation, any decision by the Court relating to the Plan of Allocation, shall not operate to terminate or cancel the Stipulation or affect the validity, enforceability or finality of the Judgment approving

the Stipulation and the Settlement or any other orders entered pursuant to the Stipulation, shall

not provide any Person with any rights to terminate the Settlement, shall not impose any

obligation on the Settling Defendants to increase the consideration paid in connection with the

Settlement, and shall not affect the release of the Released Claims.  Other than as set forth in ¶

5.11 of the Stipulation, any order or proceedings relating to a request for approval of the Plan of

Allocation, or any appeal from any order relating thereto or reversal or modification thereof,

shall not operate to terminate the Settlement or the Stipulation or affect or delay the validity,

enforceability or finality of the Judgment, the settlement of the Settling Actions or the release of

the Released Claims.

      36.     The procedure for, and the allowance or disallowance by the Court of, the

Attorneys' Fees and Expenses Application(s) are not part of the Settlement or Stipulation and

will be considered by the Court separately from the Court's consideration of the fairness,

reasonableness and adequacy of the Settlement.  The disposition of the Attorneys' Fees and

Expenses Application(s) is not a material or necessary term or condition to this Stipulation, and it

is not a condition of this Stipulation that any particular Attorneys' Fees and Expenses Award be

granted.  Any disapproval or modification of the Attorneys' Fees and Expenses Application(s) by

the Court shall not operate to terminate or cancel the Stipulation or affect the validity,

enforceability or finality of the Court's Judgment approving the Stipulation and the Settlement or

any other orders entered pursuant to the Stipulation, shall not provide any Person with any rights

to terminate the Settlement, shall not impose any obligation on the Settling Defendants to

increase the consideration paid in connection with the Settlement, and shall not affect the release

of the Released Claims.  Any order or proceedings relating to the Attorneys' Fees and Expenses

Application(s), or any appeal from any Attorneys' Fees and Expenses Award or any other order

relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement

or the Stipulation or affect or delay the validity, enforceability or finality of the Judgment, the settlement of the Settling Actions or the release of the Released Claims.

37.    Neither the Defendant Released Parties nor their counsel shall have any responsibility for any Plan of Allocation or any Attorneys' Fees and Expenses Application(s).

38.    Neither the Defendant Released Parties nor their counsel shall have any responsibility for, interest in or liability whatsoever to any Person, (including without limitation to any Settling Plaintiff, Settling Fund, Settlement Class Member or Plaintiffs' Counsel), with respect to the Gross or Net Settlement Fund (except to the extent that the Settling Defendants shall retain their respective interests in the Settlement Amount in the event that the Effective Date does not occur as provided in the Stipulation), the Escrow Account, the Escrow Agent, any investment or distribution of the Gross or Net Settlement Fund, the proposed or actual Plan of Allocation, the determination, administration or calculation of claims, final awards and supervision and distribution of the Gross or Net Settlement Fund as set forth in the Stipulation or any application for attorneys' fees and reimbursement of expenses, the payment or withholding of taxes or any losses incurred in connection with any such matters, and no Person, including without limitation the Settling Plaintiffs, Settling Funds, Settlement Class Members and Plaintiffs' Counsel, shall have any claims against the Defendant Released Parties or their counsel in connection therewith.  Each of the Settling Defendants and their respective counsel shall have no responsibility for and no liability whatsoever with respect to the Settlement Amount after it has paid its share of the Settlement Amount as set forth in the Stipulation.  In no event shall any Settling Defendant be required to pay any amount except for its respective share of the Settlement Amount (including any interest that may be payable thereon prior to the time it is paid to the Escrow Agent pursuant to the terms and conditions of ¶ 2.2 of the Stipulation) as set forth in the Stipulation, nor shall any Settling Defendant have any liability or responsibility for the

Settlement Amount after its respective share of the Settlement Amount has been fully paid to the Escrow Agent.

39.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied, including the provisions of ¶¶ 5.11 and 7.1 of the Stipulation, Settling Plaintiffs or Settling Defendants may elect to terminate the Settlement as provided in the Stipulation. In any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Settling Parties, each Settling Party shall be restored to his, her or its respective litigation position as it existed prior to the execution of the Stipulation, and the certifications of the Settlement Classes pursuant to ¶¶ 3–8 of this Preliminary Approval Order and any releases provided in connection with the Settlement shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Settling Parties.

40.     Neither the Stipulation, nor the Settlement, nor any of the negotiations, documents, proceedings and acts performed in connection therewith, nor any of the proceedings in the Settling Actions relating to the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the truth of any of the allegations in the Settling Actions or of the validity of any Released Claim or of any wrongdoing or liability of any kind of the Defendant Released Parties; or (ii) is or may be deemed to be or may be used as an admission or evidence of any liability, fault, or omission of the Defendant Released Parties in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal in which the Defendant Released Parties are or become parties.

{2283 / ORD / 00115481.DOCX v1}               23

41.     All proceedings in the Federal Actions are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order.  The Court retains exclusive jurisdiction over the Federal Actions to consider all further matters arising out of or connected with the Settlement.

42.     Pending the Effective Date or cancellation, failure or termination of the Settlement, no Settlement Class Member shall commence, prosecute, pursue or litigate any Released Claim against the Defendant Released Parties, whether directly, representatively or in any other capacity, and regardless of whether or not any such Settlement Class Member has appeared in the Settling Actions, unless the failure to act in a Settling Action would materially prejudice the position of such Settlement Class Member, after reasonable efforts to stay or hold in abeyance the requirement to so act in such Settling Action.

43.     Without further order of the Court or notice to the Settlement Class, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Preliminary Approval Order or the Stipulation.

44.     The Court shall retain continuing jurisdiction over the Settlement, as well as the administration thereof and proceedings arising out of or related to the Stipulation and/or the Settlement, except as to the enforcement by the NYAG as to any payments called for in the Stipulation.

Dated: 30 NОV, 2012

_____

Honorable [INSERT] CoLLEES Mc MAHon

UNITED STATES DISTRICT JUDGE