UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

IN RE BEACON ASSOCIATES LITIGATION

This Document Relates to: ALL ACTIONS

----------------------------------------x

IN RE J.P. JEANNERET ASSOCIATES, INC. et al,

This Document Relates to: ALL ACTIONS

----------------------------------------x

BEACON ASSOCIATES MANAGEMENT CORP.,

        Plaintiff,

-against-

BEACON ASSOCIATES LLC I,

        Defendants.

----------------------------------------x

ERNEST A. HARTMENT et al.,

        Plaintiffs,

-against-

IVY ASSET MANAGMEENT L.L.C. et al.,

        Defendants.

----------------------------------------x

09 Civ. 777 (CM)

09 Civ. 3907 (CM)

09 Civ. 6910 (CM)

09 Civ. 8278 (CM)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/13

———————————————————————————x
BOARD OF TRUSTEES OF THE BUFFALO
LABORERS SECURITY FUND, WELFARE FUND
AND WELFARE STAFF FUNDS, in their capacity
as fiduciaries of the respective funds, individually and
on behalf of all others similarly situated,

        Plaintiffs,

    -against-

J.P. JEANNERET ASSOCIATES, INC., JOHN P.
JEANNERET, PAUL L. PERRY, and IVY ASSET
MANAGEMENT CORPORATION,

        Defendants.
———————————————————————————x

09 Civ. 8362 (CM)

HILDA L. SOLIS, Secretary of the United States
Department of Labor,

        Plaintiff,

    -against-

BEACON ASSOCIATES MANAGEMENT CORP.,
et al.,

        Defendants.
———————————————————————————x

10 Civ. 8000 (CM)

STEPHEN C. SCHOTT, as Trustee for the
STEPHEN C. SCHOTTA 1984 TRUST,

        Plaintiff,

    -against-

IVY ASSET MANAGEMENT CORP. et al.,

        Defendants.
———————————————————————————x

10 Civ. 8077 (CM)

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____x

THE PEOPLE OF THE STATE OF NEW YORK
BY ERIC SCHNEIDERMAN, Attorney General
of the State of New York,

        Plaintiff,

   -against-

IVY ASSET MANAGEMENT LLC, LAWRENCE
SIMON and HOWARD WOHL,

        Defendants.
_____x

Index No. 450489/2010

DONNA M. McBRIDE, individually and derivatively
on behalf of Beacon Associates LLC II,

        Plaintiff,

   -against-

KPMG INTERNATIONAL et al.,

        Defendants,
   -and-

BEACON ASSSOCIATES LLC II,

        Nominal Defendant.
_____x

Index No. 650632/2009E

ALISON ALTMAN et al.,

        Plaintiffs,
   -against-

BEACON ASSOCIATES MANAGEMENT CORP.,
et al.,
_____x

Index No. 652239/2010

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
_____x

JOEL SACHER and SUSAN SACHER, derivatively
on behalf of BEACON ASSOCIATES LLC II,

       Plaintiffs,

    -against-

BEACON ASSOCIATES MANAGEMENT CORP.
et al.,

       Defendants,

    -and-

BEACON ASSOCIATES LLC II,

       Nominal Defendant.
_____x

Index No. 5424/2009

CHARLES J. HECHT, derivatively on behalf of
ANDOVER ASSOCIATES LLC I,

       Plaintiff,

    -against-

ANDOVER ASSOCIATES MANAGEMENT CORP.
et al.,

       Defendants.

    -and-

ANDOVER ASSOCIATES LLC I,

       Nominal Defendant.
_____x

Index No. 6110/2009

```
_____x
THE JORDAN GROUP LLC, derivatively on behalf of
BEACON ASSOCIATES LLC I,

        Plaintiff,
                                                    Index. No. 3757/2011
   -against-

BEACON ASSOCAITES MANAGEMENT CORP.
et al.,

        Defendants,

   -and-

BEACON ASSOCIATES LLC I,

        Nominal Defendant.
_____x

CIRCUIT COURT OF THE STATE OF FLORIDA
FIFTEENTH JUDICIAL CIRCUIT, PALM BEACH COUNTY
_____x
HARVEY GLICKER, et al.,

        Plaintiffs,
                                                    Court File No.
   -against-                                        502010CA029643
                                                    XXXX MBAB

IVY ASSET MANAGEMENT CORP., et al.,

        Defendants.
_____x
```

## ORDER RESPONDING TO HERRICK FEINSTEIN LETTER

McMahon, J.:

The court has received a letter, dated May 13, 2013, from the law firm of Herrick Feinstein, which I am treating as a motion for leave to amend the court's May 9, 2013 decision and order approving the settlement of these actions and granting plaintiffs' counsels' joint motion for an award of attorneys' fees. Herrick appeared in opposition to the fee award motion, purporting to represent two of the Beacon Funds and two of the Andover Funds, which were named as Nominal Defendants in the Nassau County Derivative Actions (which were among the settling actions) but were not otherwise parties to any of the lawsuits being settled. Several investors in those Funds submitted affidavits to the court questioning Herrick's status in the litigation, as did Lead/Liaison Counsel during oral argument of the fee motion. In the May 9 decision, I concluded that Herrick was essentially a stranger to the litigation and lacked standing to object to the fee award.

Herrick Feinstein does not ask for reconsideration of the fee award. Instead, it asks that I remove the portion of my decision that discusses the objection it filed (other, I assume, than to note that I rejected it). Apparently, the firm *was* retained by certain Beacon and Andover Funds in connection with other matters. Furthermore, Herrick was asked by Private Plaintiffs' Counsel sign the Stipulation of Settlement in the matters before it, and did so. I confess (not that this will come as a great surprise to anyone) that I did not review the Stipulation of Settlement while writing the May 9 opinion.

In light of Herrick's having signed the Stipulation of Settlement, I conclude that Herrick is not really a "stranger" to the litigation before me. I will, therefore, amend the opinion. A revised opinion (which, incidentally, corrects a few typographical errors) is deemed attached.

Dated: May 15, 2013

/s/ Colleen McMahon

U.S.D.J.

BY ECF TO ALL COUNSEL