May-24-2013 10:25am  From-LOWEY DANNENBERG          9149970208          T-933  P.003  F-425

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEACON ASSOCIATES LITIGATION | No. 09 Civ. 0777 (LBS) |
| IN RE J.P. JEANNERET ASSOCIATES, INC. | No. 09 Civ. 3907 (CM) |
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BEACON ASSOCIATES MANAGEMENT CORP. et al.,<br><br>Defendants. | No. 10 Civ. 8000 (LBS) (AJP)<br><br>USDS<br>DOCUM<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 5/29/13 |
| BOARD OF TRUSTEES OF THE BUFFALO LABORERS SECURITY FUND et al.,<br><br>Plaintiffs,<br><br>v.<br><br>J.P. JEANNERET ASSOCIATES, INC. et al.,<br><br>Defendants. | No. 09 Civ. 8362 (LBS) (AJP) |
| BEACON ASSOCIATES MANAGEMENT CORP.<br><br>Plaintiff,<br><br>v.<br><br>BEACON ASSOCIATES LLC I,<br>Defendant. | No. 09 Civ. 6910 (AJP) |
| ERNEST A. HARTMAN et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IVY ASSET MANAGEMENT L.L.C. et al.,<br><br>Defendants. | No. 09 Civ. 8278 (LBS) (AJP) |

(Caption continued on next page)

{2283 / ORD / 00117641.DOCX v2}

| | |
|---|---|
| STEPHEN C. SCHOTT, as TRUSTEE FOR THE STEPHEN C. SCHOTT 1984 TRUST,<br><br>                             Plaintiff,<br><br>                    v.<br><br>IVY ASSET MANAGEMENT CORP. et al.,<br><br>                             Defendants. | No. 10 Civ. 8077 (LBS) |

(Caption continued on next page)

{2283 / ORD / 00117641.DOCX v2}

May-24-2013  10:26am    From-LOWEY DANNENBERG                    9149970208              T-933   P.005/012   F-425

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DONNA M. McBRIDE, individually and derivatively on behalf of Beacon Associates LLC II,<br><br>       Plaintiff,<br><br>    v.<br><br>KPMG INTERNATIONAL et al.,,<br><br>       Defendants,<br><br>   -and-<br><br>BEACON ASSOCIATES LLC II,<br><br>       Nominal Defendant. | Index No. 650632/2009E |
| ALISON ALTMAN, et al.,<br>       Plaintiffs,<br><br>    v.<br><br>BEACON ASSOCIATES MANAGEMENT CORPORATION, et al.,<br><br>       Defendants. | Index No. 652238/2010 |

(Caption continued on next page)

{2283 / ORD / 00117641.DOCX v2}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JOEL SACHER and SUSAN SACHER, derivatively on behalf of BEACON ASSOCIATES LLC II, <br><br> Plaintiffs, <br><br> v. <br><br> BEACON ASSOCIATES MANAGEMENT CORP. et al., <br><br> Defendants, <br><br> -and- <br><br> BEACON ASSOCIATES LLC II, <br><br> Nominal Defendant. | Index No. 005424/2009 |
| CHARLES J. HECHT, derivatively on behalf of ANDOVER ASSOCIATES LLC I, <br><br> Plaintiff, <br><br> v. <br><br> ANDOVER ASSOCIATES MANAGEMENT CORP. et al., <br><br> Defendants, <br><br> -and- <br><br> ANDOVER ASSOCIATES LLC I, <br><br> Nominal Defendant. | Index No. 006110/2009 |

(Caption continued on next page)

{2283 / ORD / 00117641.DOCX v2}

| | |
|---|---|
| THE JORDAN GROUP LLC, derivatively on behalf of BEACON ASSOCIATES LLC I, <br><br>                  Plaintiff, <br><br>        v. <br><br> BEACON ASSOCIATES MANAGEMENT CORP. et al., <br><br>                Defendants, <br><br>      -and- <br><br> BEACON ASSOCIATES LLC I, <br><br>              Nominal Defendant. | Index No. 003757/2011 |

{2283 / ORD / 00117641.DOCX v2}

May-24-2013  10:26am   From-LOWEY DANNENBERG                    9149970209            T-933   P.008/012   F-425

CIRCUIT COURT OF THE STATE OF FLORIDA
FIFTEENTH JUDICIAL CIRCUIT, PALM BEACH COUNTY

| | |
|---|---|
| HARVEY GLICKER, et al,<br><br>     Plaintiffs,<br><br>     vs.<br><br>IVY ASSET MANAGEMENT CORP., et al,<br><br>     Defendants. | Court File No.<br>502010CA029643 XXXX MB<br>AB |

(2283 / ORD / 00117641.DOCX v2)

BEFORE THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| JOEL T. GLUCK,<br><br>Claimant,<br><br>v.<br><br>BEACON ASSOCIATES LLC II et al.,<br><br>Respondents. | AAA No. 19 435 00120 10<br><br>DOC...<br>ELECTRO...<br>DOC #: _____<br>DATE FILED: 5/29/13 |

### [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING PRIVATE PLAINTIFFS' COUNSELS' MOTION FOR AWARD OF ATTORNEYS' FEES

09-CV-777
09-CV-3907(CM)

This matter came before the Court for a hearing which was held on March 15, 2013 (the "Fairness Hearing"), pursuant to the Order of this Court entered on November 30, 2012, on the Motion of Private Plaintiffs' Counsel for an award of attorneys' fees.

The Preliminary Approval Order preliminarily certified the Settlement Classes, preliminarily approved the proposed Settlement, directed individual notice be provided to the Settlement Class Members and provided Settlement Class Members with an opportunity to object to, *inter alia*, the Motion for Award of Attorneys' Fees, and to be heard concerning such objections.

Notice has been provided to Settlement Class Members in accordance with the Preliminary Approval Order, as evidenced by the Affidavit of Jason Zuena of the Garden City Group, Inc. in Support of Plaintiffs' Motion for Final Approval concerning Notice by mailing.

The Notice disseminated to Settlement Class Members disclosed the maximum attorneys' fees Private Plaintiffs' Counsel would seek.

{2283 / ORD / 00117641.DOCX v2}                    1

Pursuant to the Preliminary Approval Order and as set forth in the Notice, any objections to the Motion for Award of Attorneys' Fees were to be filed and served by January 30, 2013.

The Court having considered all matters submitted to it at the Fairness Hearing and otherwise,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      Unless otherwise defined herein, all capitalized terms used herein have the meanings as set forth and defined in the Stipulation of Settlement dated as of November 13, 2012 (the "Stipulation"), including all amendments or supplements thereto.

2.      This Court has jurisdiction over the subject matter of the Motion and all matters relating thereto, including jurisdiction over all Settling Parties in the Federal Actions and Settlement Class Members.

3.      Due, adequate and the best practicable notice of the maximum attorneys' fees Private Plaintiffs' Counsel would request was directed to all persons who were reasonably identifiable as Settlement Class Members, advising them of their right to object thereto.

4.      Private Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of $38,832,806, plus interest at the same rate as earned by the Gross Settlement Fund, which shall be paid out of the Gross Settlement Fund. The award of attorneys' fees shall be paid to the applicable law firms as follows:

| Lowey Dannenberg Cohen & Hart, P.C. | $13,861,789.00 |
|---|---|
| Keller Rohrback and Lewis, Feinberg, Lee, Renaker & Jackson (collectively, as counsel for the Hartman Plaintiffs) | $7,350,000.00 |
| Cohen Milstein Sellers & Toll | $5,533,520.00 |

(2283 / ORD / 00117641.DOCX v2)                    2

| | |
|---|---|
| Kessler Topaz Meltzer & Check | $4,744,179.00 |
| Wolf Haldenstein Adler Freeman & Herz (as counsel for Grand Metro in *In re Beacon*, and as counsel in State Court derivative actions) | $4,239,817.00 |
| Bernstein Liebhard | $1,446,963.00 |
| Folkenflik & McGerity | $750,000.00 |
| Cotchett Pitre | $425,000.00 |
| Ross & Orenstein | $400,000.00 |
| Law Offices of Anthony Gordon | $81,538.00 |
| **GRAND TOTAL** | **$38,832,806.00** |

5.     In making this award of attorneys' fees, the Court has considered and found that:

a.     Private Plaintiffs' Counsel have conducted the litigation of the non-governmental Settling Actions and contributed to achievement of the Settlement with skill, perseverance and diligent advocacy; and that

b.     Private Plaintiffs' Counsel have worked cooperatively with the New York Attorney General, the U.S. Secretary of Labor and with Defendants' Counsel in connection with the Settlement; and that

c.     the Settling Actions involve numerous complex factual and legal issues and were actively litigated for nearly four years and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues; and that

d.     had Private Plaintiffs' Counsel and the governmental regulators not achieved the Settlement applicable to their clients and the Classes, a risk would remain that

{2283 / ORD / 00117641.DOCX v2}                                    3

Settling Plaintiffs and the Settlement Classes may have recovered less or nothing from Settling Defendants; and that

   e. the amount of attorneys' fees awarded is fair, reasonable, appropriate and consistent with the awards in similar cases, and is

   f. a reasonable percentage of the Gross Settlement Fund, in view of the applicable legal principles and the particular facts and circumstances of the Settling Actions.

   6. The Court is entering, or has entered a separate final Judgment regarding the Stipulation, which approves the Settlement and concludes further litigation on the merits of the claims addressed therein, barring a reversal on appeal.

   7. The Court also finds and declares, in accordance with the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), that: (i) the Notice and hearing regarding Private Plaintiffs' Counsels' Motion for Award of Attorneys' Fees was fair, adequate, reasonable and consistent with this Court's May 9, 2013 Order; and (ii) the attorneys' fees are fair, adequate and reasonable.

   8. In the event that the Stipulation is terminated or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Settling Parties.

   9. The Court has, and retains and reserves, exclusive jurisdiction over all matters relating to the Motion for Attorneys' Fees and this Order.

SIGNED: This 28 day of _May_ 2013

Honorable Colleen McMahon
UNITED STATES DISTRICT JUDGE